IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Dennis Faulkenbery, | ) | Civil Action No. 1:11-594-MGL |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

Through this action, Dennis Faulkenberry ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) asserting that the Commissioner's decision was not supported by substantial evidence. The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C. and filed on June 28, 2012. For the reasons set forth below, the court adopts the Report and remands the case to the Commissioner to make further findings as to Plaintiff's credibility and subjective symptoms.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

to her with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir.2005).

## BACKGROUND

Plaintiff applied for DIB and Supplemental Security Income ("SSI") on August 27. 2007 alleging disability as of October 3, 2003 due to back pain and depression . Tr. 120. His application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on September 2, 2009. Tr. 32-58. The ALJ, in a decision issued on October 30, 2009, found Plaintiff not disabled and denied his claims. Tr. 19-31. On December 21, 2010, Plaintiff appealed the decision of the ALJ. The Appeals Council denied Plaintiff's request for review. Tr. at 1. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner. ECF No. 1.

## DISCUSSION

The Report recommends that the Commissioner's decision be reversed and remanded pursuant to 42 U.S.C. § 405(g) for further administrative proceedings because the ALJ failed to properly analyze Plaintiff's credibility and subjective symptoms. The Report further recommends that the Commissioner specifically address the records of Dr. Getter, one of Plaintiff's treating physicians. No party filed objections to the Report and Recommendation. On July 16, 2012, the Commissioner filed a notice that he would not file objections to the Report and Recommendation.

## CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by

reference. The decision of the Commissioner is reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings consistent with this Order and the Report and Recommendation.

    **IT IS SO ORDERED**.

                                                           s/Mary G. Lewis
                                                           United States District Judge

July 23, 2012
Spartanburg, South Carolina